# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **ROBERT BAILEY,** ) | |
| ) | |
| Plaintiff, ) | CASE NO.: _____ |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| **FULTON COUNTY SCHOOL** ) | |
| **DISTRICT; DR. MICHAEL** ) | |
| **LOONEY, in his official and** ) | |
| **individual capacities; DR. EMILY** ) | |
| **BELL, in her individual capacity,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Robert Bailey ("Bailey" or "Plaintiff") files this complaint for relief and damages against Defendants Fulton County School District ("the District"); Dr. Michael Looney, in his official and individual capacities ("Looney"); and Dr. Emily Bell ("Bell"), in her individual capacity. Plaintiff relies on the following allegations and causes of action.

## NATURE OF THE ACTION

1. This employment discrimination action arises under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. § 2000e *et seq.*, 42 U.S.C.A. § 1981 ("Section 1981"), and 42 U.S.C.A. § 1983. Plaintiff alleges

1

that he was subjected to discriminatory treatment by Defendants based on his race and that he was subjected to retaliation based on the fact that he initiated internal complaints of discrimination. He seeks back pay; reinstatement to his prior position; lost benefits, including accrued retirement contributions and the costs of health insurance; compensatory damages for mental anguish and emotional distress; punitive damages to the extent allowed by law; and his attorneys' fees and costs of litigation.

## THE PARTIES

2. Plaintiff Bailey, who is African-American, resides in this judicial district and division and was employed by the Fulton County School District during the events alleged in this complaint.

3. Defendant Fulton County School District is an entity created by the laws of the state of Georgia that services various municipalities in Fulton County, Georgia, outside the city limits of Atlanta, and is subject to suit under Title VII.

4. Defendant Looney, who is white, is the Superintendent of the Fulton County School District and served in this position at all times relevant to this complaint. He is subject to suit under 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1981 in his individual and official capacities.

5. Defendant Bell, who is white, is the Chief Information Officer of the Fulton County School District and served in this position at all times relevant to this complaint. Bell's role is part of the Superintendent's seven-member executive cabinet. She is subject to suit under 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1981 in her individual capacity.

## SUBJECT-MATTER JURISDICTION AND VENUE

6. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

7. Venue is proper in this Court, as the discriminatory acts complained of are alleged to have occurred in this same district and division.

## PERSONAL JURISDICTION

8. Defendants may be served with proper process concerning this civil action through personal service at the headquarters of the Fulton County School District at 6201 Powers Ferry Road, Atlanta, GA 30339.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On April 28, 2022, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination under Title VII. *See* Exhibit A. That same day, he obtained a

3

Right-to-Sue letter, and this lawsuit is timely filed prior to his statutory deadline of 90 days. *See* Ex. B.

## FACTUAL ALLEGATIONS

10. Bailey was hired in the summer of 2020 by the Fulton County School District as the director of the information technology ("IT") department's Atlas system. Atlas is an advanced employee resources data integration tool; its reach includes finance, billing, payroll, leave, and human resources functions. Bailey was tasked with managing the District's transition to Atlas, a project that was internally described as the most significant technological innovation in the District in the past decade.

11. Bailey has an extensive 35-year background in IT systems and software management for complex enterprises. He has held high-responsibility jobs with entities including the Coca-Cola Company, Habitat for Humanity, Air National Guard Recruiting, Cancer Treatment Centers of Atlanta, Kimberly-Clark Corporation, and Albany State University. Prior to joining the Fulton County School District, Bailey served as technology coordinator for the Escambia County, Florida, school district.

12. Bailey was a senior level director within the District's office of information technology and reported directly to the Chief Information Officer

4

("CIO") for the District. The CIO who originally hired Bailey, Serena Sacks, was replaced in September 2020 by Defendant Bell.

13. During the fall of 2020 and throughout 2021, Bell made a series of internal promotions and reassignments within the District's Office of Information Technology. Another African-American, the director of cybersecurity, Derrick Johnson, initially reported to the CIO but was reassigned to report to a new position Bell created, executive director of infrastructure, which was filled by a prior IT director, Kenny Wilder. Anne Sexton, an IT coordinator, was promoted to director of enterprise applications. Kenny Kosslow was promoted from a coordinator's role to director of infrastructure. Jane Stewart was elevated from coordinator to director of school technician and the help service desk. Each one of these senior-level promotions went to white employees.

14. Bell's pattern of exclusively promoting whites into director roles was highly unusual within the District — a sharp contrast to the trend of diversity in senior level promotions within the District in every other cabinet department.

15. As Bell embarked on reorganizing the department, she reduced a number of Bailey's functional responsibilities. Oversight of the finance operations and budget-making authority for the Atlas project was shifted from Bailey to Anne Sexton even before her promotion to director status. Bailey was the sole member of

5

the IT leadership executive team who was not permitted to manage his department's finances.

16. Bailey's duties included supervision of a team of four IT coordinators and technicians. Bell regularly engaged his team directly with assignments and feedback, a distinctly different approach from her manner of permitting the rest of her executive leadership team to serve as her primary point of contact with their departments.

17. Bell's functional expertise in advanced IT systems operations was far less sophisticated than Bailey's. Still, despite the gap in knowledge, Bell consistently devalued Bailey's expertise, openly questioning his input and recommendations in departmental meetings.

18. At one point, despite Bailey's status as a director, Bell chastised him for presenting items for decision making at a senior-level meeting, brusquely informing him that agenda setting was outside the scope of his role.

19. During one exchange over the next stage of Atlas' integration into the District, Bell derisively told Bailey "you have no power," and that even relatively routine planning had to be approved by her.

20. In November 2021, Bailey messaged the District's Director of Human Resources and Chief Talent Officer, Ronnie Wade, an African-American, in an

6

effort to schedule a meeting to report his concerns about what Bailey perceived as discriminatory practices by Bell. Wade reported the meeting request to Bell. Bell then questioned Bailey in what he perceived as an intimidating manner about why he was reaching out to Wade. Wade was known within the District as the cabinet officer whose division handled employee grievances.

21. In January 2022, Atlas officially came online districtwide, the successful on-time culmination of a process Bailey had been hired to spearhead. Bailey received accolades from various internal stakeholders for Atlas' integration. Still, Bell seemed determined to marginalize Bailey. During meetings of the ongoing Atlas steering committee, whose leadership was a core function of Bailey's job as Atlas director, Bell directed Bailey to defer to her to lead status updates, despite her substantially less advanced knowledge of the system.

22. On or about January 19, 2022, Bell informed Bailey that going forward, he was to share access to the contents of his office calendar with her. Bailey knew that he would be the sole director Bell scrutinized in this manner.

23. On or about January 20, 2022, Bailey messaged Ronnie Wade through the internal Microsoft Teams platform to request a meeting with him to complain about an ongoing pattern of racially discriminatory treatment by Bell.

24. Approximately two weeks later, on February 4, 2022, Bell and the HR staffing director informed Bailey that effective in 30 days, he was being demoted from his role as Atlas director to the position of a part-time support technician at a school within the District, a demotion that would require him to take a pay cut from his $125,000 salary to $47,500.

25. Prior to the February 4 meeting, Bailey had never been subjected to any corrective action or informed of any performance issues. Bell altogether ignored the protocol in the District employee handbook for corrective actions based on performance, which describes "an initial written warning, a subsequent or additional written warning, [and] a final written warning which could include a suspension without pay or a demotion or transfer, and a termination."

26. Further undermining any suggestion of performance issues on Bailey's part, in an Atlas steering committee a day before he was informed of his demotion, Bailey and the Atlas integration received widespread praise from the District's cabinet leadership.

27. When Bailey raised objections, he was told by Bell that his only option was to submit his resignation rather than accept the forthcoming demotion. On February 15, Bailey emailed Superintendent Looney and the School Board to protest his demotion as well as the deviation from the District's corrective action

8

policies. Bailey's message specifically alleged that he had been subjected to what Bailey called a pattern of discriminatory treatment by Bell. Looney took no action to investigate or remedy Bailey's allegations, in direct violation of the district's equal employment policies.

28. Bailey resigned effective March 4, 2022.

## COUNT I

### (Retaliation under 42 U.S.C.A. § 1981 and 42 U.S.C.A. § 1983 as to Defendants Looney in his official and individual capacities and Bell in her individual capacity)

29. Plaintiff incorporates by reference paragraphs 1–28 of this complaint.

30. 42 U.S.C.A. § 1981 prohibits intentional discrimination based on race in the context of employment.

31. Plaintiff's claims pursuant to 42 U.S.C.A. § 1981 are effectuated pursuant to 42 U.S.C.A. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

32. With respect to the actions described herein, Defendant Looney is sued in his official capacity as Superintendent of the Fulton County School District and in his individual capacity.

33. With respect to the actions described herein, Defendant Bell is sued in her individual capacity as an officer of the Fulton County School District.

9

34. Plaintiff engaged in protected activity under Section 1981 by initiating internal complaints of racially discriminatory conduct regarding his direct supervisor, Defendant Bell, the Chief Information Officer for the Fulton County School District.

35. Defendant Bell retaliated against Plaintiff because Plaintiff initiated complaints of racial discrimination by demoting him from a districtwide department head position to an entry-level part-time position.

36. Upon being apprised of Plaintiff's complaints of discriminatory treatment, Defendant Looney in his official and individual capacities failed to follow the District's equal opportunity policies regarding the handling of complaints of discriminatory conduct.

37. Defendants Bell and Looney engaged in retaliatory conduct that well might have dissuaded a reasonable employee from making or supporting a charge of discrimination.

38. Defendants Bell and Looney, while acting under color of state law, violated clearly established law, i.e., Plaintiff's right to be free from retaliation based on his opposition to racially discriminatory conduct.

39. Based on the unlawful retaliatory conduct by Defendant Looney in his official capacity, Plaintiff is entitled to prospective injunctive relief including reinstatement to his position and salary prior to his demotion.

40. As a result of Defendants Bell's and Looney's unlawful retaliatory conduct in their individual capacities, Plaintiff has suffered monetary damages, including but not limited to back pay and the loss of benefits, and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

41. Defendant Bell is a higher-level management official employed by the District who acted willfully with malice or reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive damages.

## COUNT II
### (Disparate treatment under 42 U.S.C.A. § 1981 and 42 U.S.C.A. § 1983 as to Defendant Bell in her individual capacity)

42. Plaintiff incorporates by reference paragraphs 1–41 of this complaint.

43. Plaintiff's claim against Defendant Looney in her individual capacity pursuant to 42 U.S.C.A. § 1981 is effectuated pursuant to 42 U.S.C.A. § 1983 and

11

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

44. Defendant Bell intentionally subjected Plaintiff to disparate treatment based on his race, in that with respect to the scope and authority of his job responsibilities, Plaintiff was treated less favorably than whites who held comparable director level positions within the Office of Information Technology, and the terms and conditions of his employment were progressively changed to his detriment.

45. Defendants Bell's discriminatory conduct occurred while she was acting under color of state law, and violated clearly established law, i.e., Plaintiff's right to be free from intentional discrimination in employment conditions.

46. As a result of Defendant Bell's unlawful discriminatory conduct in her individual capacity, Plaintiff has suffered monetary damages, including but not limited to back pay and the loss of benefits, and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT III
**(constructive discharge under Title VII, 42 U.S.C.A. § 2000e-2(m) as to defendant Fulton County School District)**

47. Plaintiff incorporates by reference paragraphs 1–46 of this complaint.

48.     Defendant Fulton County School District constructively discharged Plaintiff by altering the terms and conditions of his employment in such a manner, i.e., a humiliating demotion and an extreme cut in pay, that his working conditions were rendered so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

49.     Plaintiff's constructive discharge was motivated in part by his race.

50.     As a result of the District's unlawful constructive discharge, Plaintiff has suffered monetary damages, including but not limited to back pay and the loss of benefits, and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

51.     Plaintiff's constructive discharge was effected by an upper level management official employed by the District who acted willfully with malice or reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands a trial by jury and that the following relief be granted:

13

A. Back pay, front pay, and lost benefits, including the costs of lost benefits including health insurance; accrued sick leave; and accumulated retirement contributions.

B. Compensatory and punitive damages to the extent allowed by law.

C. Attorneys' fees and costs of litigation.

D. Prejudgment and post-judgment interest at the highest lawful rate.

E. Such other equitable and monetary relief as the Court deems just and proper, including reinstatement to his prior position.

Respectfully submitted on the 25th day of July, 2022.

**HKM Employment Attorneys LLP**
*s/Artur Davis*
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 307
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com


Jermaine "Jay" Walker
GA Bar No. 142044
3355 Lenox Rd. NE, Suite 705
Atlanta, GA 30326
Direct: 404-301-4020
jwalker@hkm.com

---

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.

Attorneys for Plaintiff Robert Bailey