IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT BAILEY,<br><br>  Plaintiff,<br><br>  v.<br><br>FULTON COUNTY SCHOOL DISTRICT; DR. MICHAEL LOONEY, in his official and individual capacities; DR. EMILY BELL, in her individual capacity,<br><br>  Defendants. | C.A. No. 1:22-cv-02907-MHC-LTW |

## EMILY BELL AND FULTON COUNTY SCHOOL DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Emily Bell and Fulton County School District ("FCSD") file this reply to support their Motion to Dismiss. For the reasons outlined below and in Bell and FCSD's first brief, this Court should dismiss, with prejudice, Bailey's retaliation and disparate-treatment claims under 42 U.S.C. § 1981 against Bell and Bailey's race-based constructive discharge claim under Title VII against FCSD.

## INTRODUCTION

As he plead them, Bailey's disparate-treatment claims boil down to his belief he was treated differently than the rest of the IT directors, who were both Caucasian and African American. Yet Bailey's allegations of differential treatment were no

more than what the law calls "minor grievances." Notably absent from the Complaint are any factual allegations suggesting that Bailey's race motivated the treatment he received or that Emily Bell treated similarly situated Caucasian employees better.

Bailey concedes that he cannot show differential treatment, so he switches gears to a "convincing mosaic" theory of discrimination. But Bailey's failure to allege direct or circumstantial evidence of intentional discrimination negates this theory.

As for Bailey's retaliation claim, Bailey has not alleged that his messages to Ron Wade suggested race discrimination. Rather than rebut this argument, Bailey misstates it, asserting that Bell argued that Bailey needed to make contact with Wade. Bell makes no such argument. Bailey's failure to allege that his messages to Wade complained about race discrimination is more than enough to doom his retaliation claim. Beyond that, Bailey did not have an objectively reasonable belief that Bell had engaged in unlawful employment practices.

Bailey tries to ward off dismissal of his constructive discharge claim by switching to a "mixed-motive" theory. But his conclusory allegations that he believed his race was a motivating factor for his demotion, without factual support, does not support this theory. And so, no matter whether he is proceeding under a single-motive or mixed-motive theory, Bailey does not allege facts to support a

2

reasonable inference of race-based discrimination. For these reasons, none of Bailey's claims against Bell and FCSD survive a motion to dismiss.

I.  **Bailey has failed to plead a plausible disparate-treatment claim.**

    a.  <u>Bailey concedes he cannot show he was treated less favorably than similarly situated co-workers.</u>

To establish disparate treatment, a plaintiff usually must show he was (1) "subjected to an adverse employment action in contrast with similarly situated employees outside the protected class"; or (2) a "convincing mosaic" of circumstantial evidence for an inference of intentional discrimination. *See Yaniga v. Fla. Dep't of Transp.*, No. 8:11-CV-1371-T-23TBM, 2012 WL 987768, at *2 (M.D. Fla. Mar. 23, 2012); *Kavianpour v. Bd. of Regents of the Univ. Sys. of Georgia*, No. 120CV00152MLBRGV, 2021 WL 2638999, at *20 (N.D. Ga. Jan. 28, 2021), *report and recommendation adopted as modified sub nom. Kavianpour v. Bd. of Regents of Univ. Sys. of Georgia*, No. 1:20-CV-152-MLB, 2021 WL 2635854 (N.D. Ga. Mar. 29, 2021), *reconsideration denied*, No. 1:20-CV-152-MLB, 2021 WL 3285445 (N.D. Ga. Aug. 2, 2021).

Bailey concedes that he has not alleged the existence of valid comparators. He notes that Bell "trots out" this argument but then does not bother to rebut it. And with good reason. Nothing in the Complaint suggests that Bell treated Bailey any worse than a similarly situated coworker of a different race.

3

     b.    <u>Bailey has not alleged sufficient circumstantial evidence of discrimination to support a plausible "convincing mosaic" theory.</u>

Lacking a valid comparator, Bailey makes an abrupt departure from a comparator-based theory and moves on to a "convincing mosaic" theory of liability.[1] A plaintiff may survive a motion to dismiss without a valid comparator by "paint[ing] a convincing mosaic of circumstantial evidence for an inference of intentional discrimination." *Kavianpour*, 2021 WL 2638999, at *20. The "convincing mosaic" is just a "metaphor" for making a circumstantial case; it is "not a legal test of any kind." *Bartholomew v. Lowe's Home Centers, LLC*, No. 219CV695FTM38MRM, 2020 WL 321372, at *6 (M.D. Fla. Jan. 21, 2020). "[E]ven under a convincing mosaic theory, [Bailey] must show significantly probative evidence that [Bell] discriminated against him." *Muigai v. United Parcel Serv.*, No. 1:17-CV-3184-TCB, 2020 WL 5639803, at *5 (N.D. Ga. Aug. 14, 2020), *aff'd*, No. 20-13496, 2022 WL 458214 (11th Cir. Feb. 15, 2022).

Bailey's eleventh-hour switch to a convincing mosaic theory falls short because his Complaint does not allege sufficient circumstantial proof of

---

[1] Bailey states that it is a "fatal omission" for a defendant not to discuss the "mosaic theory as an alternative evidentiary lens to *McDonnell Douglas*." [Doc. 20, Fn. 5]. This statement conflicts with law. "[C]ourts [in the Eleventh Circuit] often dismiss complaints for failing to allege enough factual support on the comparators." *Bartholomew v. Lowe's Home Centers, LLC*, No. 219CV695FTM38MRM, 2020 WL 321372, at *6 (M.D. Fla. Jan. 21, 2020).

discriminatory conduct. Bailey unsuccessfully relies on two sets of facts to try to construct a convincing mosaic. First, Bailey alleges that because Bell promoted four Caucasian employees, "a jury could plausibly conclude that in Fulton County, which is well known for its substantial pool of African American professionals, coincidence is a deeply improbable reason for an eighteen-month run of white-only promotions." [Doc. 20 at 10]. Second, Bailey alleges that Bell created a position of "executive director of infrastructure" and that Derrick Johnson, another African-American director, reported to this executive director instead of directly to the CIO. [Doc. 1 ¶ 13; Doc. 20 at 11]. His argument misses the mark.

Beginning with Bailey's allegation about the internal promotions, what Bailey ignores is that the greater pool of professionals in Fulton County was not the pool from which Bell was filling these positions. Bailey admits in his Complaint that the four promotions at issue were all internal promotions of employees who were already working in the IT department at FCSD. [Doc 1 ¶ 13]. Therefore, the "substantial pool" of talent throughout Fulton County is irrelevant. Bailey fails to allege that he or any other non-Caucasian FCSD employee applied for or were not considered for an internal promotion in favor of a Caucasian employee.

His argument about Johnson is no better. Bailey characterizes Johnson's new reporting chain as a "downgrade in status and responsibility" for Johnson, but there are no factual allegations to support this assertion. [Doc. 1 ¶ 13; Doc. 20 at 11]. The

5

Complaint simply states that as a result of this reorganization, Johnson reported to the executive director. [Doc. 1 ¶ 13]. Nothing in the Complaint alleges that Johnson's salary was decreased, that his job title changed, or that he experienced a downgrade in duties or prestige.[2]

In *Kavianpour*, under a "convincing mosaic" theory the court held that the plaintiff failed to plead any facts constituting circumstantial evidence of discriminatory intent. *Kavianpour*, 2021 WL 2638999, at *20. To support her claims the plaintiff alleged that: (1) she was the only female resident; (2) she was the only resident who was drug tested; (3) she opposed the testing as discriminatory; and (4) she was terminated. *Id*. at *19. The court noted that aside from her allegations that she was the only female resident and that she suffered disparate treatment, she plead no facts showing a correlation between her gender and the adverse action. *Id*.

---

[2] Such evidence is a "a far cry from the type of circumstantial evidence of discriminatory intent presented to the Eleventh Circuit in *[Smith v.] Lockheed-Martin* [cited by Bailey]…which included: (1) a backdrop of racial tension in a corporation following a workplace shooting by an employee who was a white supremacist; (2) evidence the defendant's disciplinary review committee had utilized a spreadsheet indicating an employee's race and gender in the course of its disciplinary investigation; (3) evidence of the distribution of racially insensitive and offense e-mails; and (4) tension generated by an upcoming news program portraying Lockheed's struggles with racial intolerance in an unflattering light." *See Muigai*, 2020 WL 5639803, at *5.

The case for dismissal here is just as strong. Bailey tries to spin internal promotions of Caucasian employees as proof of discriminatory practices but neglects to allege that he or any other African-American FCSD employees were passed up for these promotions. Beyond that, he relies on an innocuous departmental reorganization that did little more than require a different African-American director to report to a newly created position rather than the CIO. None of its this adds up to a "mosaic" of discrimination against Bailey. The court in *Kavianpour* held that even if the plaintiff's allegations support a "suspicion" or "possibility of misconduct," they did not raise a "reasonable expectation that discovery would reveal evidence that [the defendant] acted with discriminatory animus." *Kavianpour*, 2021 WL 2638999, at *21. Likewise, Bailey has alleged no facts that would support even a suspicion of wrongdoing, much less facts sufficient to allow an inference that Bell acted with discriminatory animus. In short, Bailey has not alleged "the evidentiary tiles to construct the mosaic" *Vinson v. Macon-Bibb Cnty.*, No. 5:18-CV-00306-TES, 2020 WL 2331242, at *12 (M.D. Ga. May 11, 2020), *aff'd sub nom. Vinson v. Tedders*, 844 F. App'x 211 (11th Cir. 2021).

    c.    <u>Bailey cannot show that his alleged "reduction" in responsibilities constitutes an adverse action.</u>

The shortcomings described above are enough to justify dismissing Bailey's disparate-treatment claim against Bell. On top of that defect, Bailey has not alleged

7

that he suffered a cognizable adverse employment action. Bailey does not address any of the case law cited by Bell in her first brief showing that neither a change in an employee's responsibilities, unaccompanied by tangible harm, nor criticism and counseling from a supervisor constitute adverse employment actions. [*See* Doc. 15-1 at 9-11]. He instead continues to paint the trivial slights he experienced with the broad brush of a "reduction" in responsibilities. Even still, nothing he claims to have experienced altered the terms, conditions, or privileges of employment.

The only case Bailey cites to support his "adverse employment action" argument is easily distinguishable. In *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 714 (11th Cir. 2002), the plaintiff typically earned $15,000 to $20,000 in overtime per year and, as a result of his employer's actions, was reduced to only earning $1,200 to $2,000 in overtime. *Id*. Unlike that plaintiff, who experienced a drop in overtime pay, Bailey does not assert that any of Bell's alleged conduct affected his compensation, benefits, or title.[3]

While Bailey does allege that some of his responsibilities shifted and that Bell provided more oversight to his work than other IT directors, he does not allege that he lost his title or had any economic loss due to this conduct. He simply did not like

---

[3] In his Complaint, Bailey does not include his demotion or pay cut under his disparate-treatment claim. [*See* Doc. 1 ¶¶ 42-46.] For that reason, it should not be considered when deciding whether he alleged an adverse employment action under his disparate-treatment claim.

8

Bell's managerial style. But oversight and criticism from a supervisor, unaccompanied by any tangible effect, does not reach the level of an adverse action. As a result, Bailey's claim for disparate treatment fails.

**II.    Bailey failed to allege facts to support his retaliation claim.**

   a.   Bailey did not allege in the Complaint that he made an internal complaint of race discrimination..

A plaintiff must point to a complaint alleging race discrimination to state a plausible claim for retaliation under Section 1981. *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1354 (N.D. Ga. 2017). Bailey erroneously alleges that Bell's Motion to Dismiss asserts that Bailey's retaliation claim fails because "the complaint does not directly state that Bailey ever actually made contact with Wade." [Doc. 20 p. 14]. Bell did not assert that Bailey needed to meet with Ron Wade.

Instead, Bell's argument rests on the fact that Bailey did not plead that his messages to Wade included a complaint for race-based discrimination. Bailey's response brushes aside this argument. While Bailey states that his purpose in messaging Wade was to complain about alleged racial discriminatory treatment by Bell, he fails to describe the content of these messages.[4] [Doc 15-1 at 16]. This omission alone warrants dismissal of Bailey's retaliation claim.

---

[4] Bailey inexplicably alleges that it is a "telling omission" that Bell does not argue that the complaint fails to allege that she knew of Bailey's messages to Wade. In any

  b. <u>Bailey did not have an objectively reasonable belief that he was engaged in protected activity because no reasonable person would believe that Bell's alleged conduct was due to any racial animus or that any adverse action resulted from this alleged conduct.</u>

To prevail on a retaliation claim, a "plaintiff is required to show that he had a good faith, reasonable belief that the employer was engaged in an unlawful employment practices." *Ceus v. City of Tampa*, 803 F. App'x 235, 245 (11th Cir. 2020). "Good faith" (subjective) and "reasonable belief" (objective) are two separate requirements. *Id*. Thus, it is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations must also reflect that the belief, though perhaps mistaken, was objectively reasonable. *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997).

Bailey argues that the objective prong hinges not on whether he complained about conduct that is unlawful, but that conduct he challenged is "close enough" to what the law considers discrimination. [Doc. 20 at 15]. Even still, Bailey's paltry allegations, which fail to point to any indicia of racially motivated conduct by Bell, are not nearly "close enough." Bailey cites no case law to support his theory that these allegations are "close enough." And his reliance on *Alkins v. Sheriff of Gwinnett County* is misplaced. *Alkins* is a sexual harassment case, not a

---

event, whether Bell knew about Bailey's messages to Wade is irrelevant to the retaliation claim, given that Bailey failed to describe the content of these messages.

discrimination case, and was analyzed under a completely different standard. *See Alkins v. Sheriff of Gwinnett Cnty.*, No. 21-13746, 2022 WL 3582128, at *1 (11th Cir. Aug. 22, 2022). For that reason, it does not provide a helpful frame.

The bottom line is that Bailey did not have an objectively reasonable basis to conclude that Bell engaged in discriminatory employment practices. He failed to plead facts showing that any person of color in his department was passed over for a promotion in favor of a white employee. He failed to show that Johnson, his only African-American coworker, experienced any identifiable reduction to the terms or conditions of employment. And he failed to show that Bell's scrutiny or criticism came anywhere near a tangible employment action. These glaring holes in his theory show that his subjective belief of discriminatory treatment was not objectively reasonable.

### III. Bailey's constructive discharge claim fails because he has failed to adequately allege that his race was a motivating factor of his termination

Bailey's constructive discharge under a "mixed-motive" claim is insufficient because he has failed to allege that racial discrimination played *any* role in his demotion. The Court does not even need to begin the analysis of whether a demotion and pay cut constitutes a constructive discharge since Bailey has failed to allege any facts to support his allegation that the demotion and pay cut "was motivated in part by his race." [Doc. 1 ¶ 49].

11

In a mixed-motive claim, a plaintiff must allege sufficient facts to show that illegal bias was a motivating factor for an adverse employment action. *Quigg v. Thomas Cnty. Sch. Dist.,* 814 F.3d 1227, 1235 (11th Cir. 2016). Bailey's claim for constructive discharge fails because a plaintiff must show either direct or circumstantial evidence of discrimination. *Quigg*, 814 F.3d at 1235. As discussed throughout, Bailey's Complaint fails to allege any facts showing that his race was a motivating factor for any of the alleged conduct, including his demotion.

*Gipson v. Hyundai Power Transformers USA Inc.*, an unreported order from the Middle District of Alabama, does not help Bailey's case. Unlike Bailey, the plaintiff in *Gipson* did allege facts suggesting that his race was a motivating factor. [Doc. 20 at 21-22]. For instance, he was instructed to lower the evaluation' scores of black employees so that these employees could be terminated, and there was testimony from another employee that "white employees generally were paid more than black and Korean employees." No. 2:17-CV-498-MHT-GMB, 2019 WL 2953174, at *13 (M.D. Ala. Apr. 24, 2019), *report and recommendation adopted in part, rejected in part,* No. 2:17CV498-MHT, 2019 WL 2932747 (M.D. Ala. July 8, 2019). In contrast, Bailey has not alleged comparable direct or circumstantial evidence that FCSD considered his race when he was demoted.

Bailey has failed to alleged that Bell or anyone else at FCSD made any racial remarks, that he was treated less favorably than similarly situated employees, or any

12

other facts that would show racial animus. Without factual allegations that his race was a motivating factor in his demotion, Bailey's constructive discharge claim fails.

## CONCLUSION

For all these reasons, Defendants Bell and FCSD ask this Court to grant its motion and dismiss FCSD and Bell from this action with prejudice.

Respectfully submitted this 11th day of October, 2022.

*/s/ David L. Pardue*
David L. Pardue
Georgia Bar No. 561217
Brandon O. Moulard
Georgia Bar No. 940450
Brian D. Stoltz
Georgia Bar No. 648725
**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street, N.E. Suite 1500
Atlanta, GA 30309
(678) 690-5750
davidpardue@parkerpoe.com
brandonmoulard@parkerpoe.com
brianstoltz@parkerpoe.com

*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rules 5.1 (c) and 7.1 (d).

                                          */s/ David L. Pardue*
                                          David L. Pardue

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing on this date with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 11th day of October, 2022.

/s/ *David L. Pardue*
David L. Pardue